UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE JACKSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STATE OF NEVADA, et al.,<br><br>　　　　　Defendants. | Case No.: 3:24-cv-00536-MMD-CLB<br><br>**ORDER** |

On November 26, 2024, pro se plaintiff Willie Jackson, an inmate in the custody of the Nevada Department of Corrections ("NDOC"), submitted an application to proceed *in forma pauperis* and a motion to extend his copy-work limit. ECF Nos. 1, 1-1. Plaintiff has not filed a complaint, he failed to include a financial certificate on this Court's form and an inmate trust fund account statement for the previous six-month period with his *in forma pauperis* application, and he offers no reason why the Court should extend his copy-work limit. For the reasons discussed below, Plaintiff's motion to extend his copy-work limit is denied, and the Court grants him an extension of time to correct the other defects with his initiating documents.

Plaintiff is advised that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "A civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form." Nev. LSR 2-1. And the complaint must be signed personally by the unrepresented party. Fed. R. Civ. P. 11(a).

Additionally, this Court must collect filing fees from parties initiating civil actions. 28 U.S.C. § 1914(a). The fee for filing a civil-rights action is $405, which includes the $350 filing fee and the $55 administrative fee. *See* 28 U.S.C. § 1914(b). "Any person who is unable to prepay the fees in a civil case may apply to the court for leave to proceed *in forma pauperis*." Nev. LSR 1-1. For an inmate to apply for *in forma pauperis* status, the

inmate must submit **all three** of the following documents to the Court: (1) a completed **Application to Proceed** *in Forma Pauperis* **for Inmate**, which is pages 1–3 of the Court's approved form, that is properly signed by the inmate twice on page 3; (2) a completed **Financial Certificate**, which is page 4 of the Court's approved form, that is properly signed by both the inmate and a prison or jail official; and (3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**. *See* 28 U.S.C. § 1915(a)(1), (2); Nev. LSR 1-2. *In forma pauperis* status does not relieve an inmate of his obligation to pay the filing fee, it just means that he can pay the fee in installments. *See* 28 U.S.C. § 1915(b).

Finally, an inmate has no constitutional right to free photocopying. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). NDOC administrative regulation 722.01(7)(E) provides that inmates "can only accrue a maximum of $100 debt for copy work expenses for all cases, not per case." Courts in this district have found that they can order a prison to provide limited photocopying when it is necessary for an inmate to provide copies to the court and other parties. *See Allen v. Clark Cnty. Det. Ctr.*, 2:10-cv-00857-RLH, 2011 WL 886343, *2 (D. Nev. Mar. 11, 2011). But Plaintiff has not demonstrated that he needs to provide copies of any document to the Court or any potential party. His failure to do so is not surprising as this case is not even at the screening stage. Plaintiff is reminded that the parties are not permitted to "file evidence with the Court until the course of litigation brings the evidence into question." ECF No. 2 at 3. And he is advised that "[i]t is not necessary to attach exhibits or affidavits to the complaint or any amended complaint. Rather, the complaint or any amended complaint must sufficiently state the facts and claims without reference to exhibits or affidavits." General Order No. 2021-05 at 2, ¶ 2(b). And the failure to do so "may result in dismissal." *Id.*

It is therefore ordered that Plaintiff has **until February 3, 2025**, to submit a signed complaint to this Court.

It is further ordered that Plaintiff has **until February 3, 2025**, to either pay the full $405 filing fee or file a complete application to proceed *in forma pauperis* with all three

2

required documents: a completed application with the inmate's two signatures on page 3; a completed financial certificate that is signed both by the inmate and the prison or jail official; and a copy of the inmate's trust fund account statement for the previous six-month period.

It is further ordered that Plaintiff's motion to extend his copy-work limit (ECF No. 1-1) is denied.

It is further ordered that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order.

The Clerk of the Court is instructed to send Plaintiff Willie Jackson the approved form application to proceed *in forma pauperis* for an inmate, the approved form for filing a 42 U.S.C. § 1983 complaint, and instructions for both documents.

DATED: December 4, 2024.

_____
UNITED STATES MAGISTRATE JUDGE